## HARRIS v. BUTLER.

No. 5516. Decided December 16, 1936. (63 P. [2d] 286.)

*N. J. Harris,* of Ogden, for appellant.

*R. H. Baumunk,* of Ogden, for respondent.

FOLLAND, Justice.

Plaintiff brought this action in the city court of Ogden City to recover for legal services alleged to have been rendered to defendant between January 29, 1926, and May 18, 1929, and in the second cause of action to recover for the same services on an alleged account stated of date May 18, 1929. Defendant denied the employment and rendition of the service, and in addition pleaded that if indebted the debt was barred by the statute of limitations and any debt owing by defendant had been discharged in bankruptcy. Plaintiff replied that if the orders of adjudication and discharge in bankruptcy were made as alleged, such orders of the United States District Court were void because the statutory time had not elapsed between the filing of the petition in bankruptcy and a former discharge in bankruptcy, and also that at the time of filing defendant's subsequent petition in bankruptcy a petition for discharge in the former proceeding had not been granted. The city court gave judgment for plaintiff, and the defendant appealed to the district court of Weber county. After trial in the district court, the court found for plaintiff on the issues of employment, rendition of services, and the value thereof, but found for the defendant that the action was barred by the statute of limitations, that there was no account stated, and that the debt was discharged in bankruptcy.

Appellant assigns error in the findings, that some are mere conclusions of law, that there are no findings respect-

ing some of the material issues, and that some of the findings are not supported by evidence.

The finding that the legal "services of the plaintiff continued up to May 27, 1927, at which time the causes of action set forth in the amended complaint accrued," is not supported by the evidence. The testimony of plaintiff shows that the last services were performed on May 27, 1927, but that the cause in which he was employed was not then disposed of and remained pending in the district court of Salt Lake county. The defendant here was the defendant there, and a failure of the case to reach a termination was, in effect, a victory for defendant. Plaintiff rendered his bill on May 18, 1929, for $100 "in full for all services to date." The cause of action accrued on the date of the rendition of the bill, provided the bill was rendered within a reasonable time after it became apparent there was little likelihood that the case would be further prosecuted. The employment was for the case, and not for any particular services connected therewith. Not anything was done by either party to terminate the relationship during the pendency of the cause except the rendition of the bill for all services to date. This fixed the time for the commencement of the limitation period to run instead of the date of May 27, 1927, as found by the trial court. 2 R. C. L. 1056; 17 R. C. L. 767.

The third finding, that there was no account stated between plaintiff and defendant as set forth in the second cause of action, is a sufficient finding of the ultimate facts and is not open to the objection that the evidentiary facts are not stated or found.

The error above mentioned is harmless if finding No. 4 can be sustained. This finding reads as follows:

"That the defendant was adjudicated a bankrupt on December 3, 1929, and that the plaintiff had due and legal notice and actual knowledge of said bankruptcy proceedings. That about February 27, 1931,

the defendant was granted a discharge from all his debts and liabilities including the debt and liability on which this action is brought."

It is conceded the debt sued upon was not listed in the bankruptcy proceeding. Defendant at the time did not recognize it as a debt. He knew the claim was made by plaintiff and should have listed it with a notation that the demand was disputed. *Tyrrel* v. *Hammerstein,* 33 ▪ Misc. 505, 67 N. Y. S. 717. The court, however, found that plaintiff had notice and actual knowledge of the bankruptcy proceeding and that defendant was discharged from all his debts and liabilities including the debt owing to plaintiff. The finding of actual knowledge is a finding of an ultimate fact and not a conclusion. It is supported by the testimony of defendant that plaintiff knew of the proceedings in 1930, although such testimony was disputed by plaintiff. The evidence being in conflict, the finding of the trial court must stand.

Section 17 of the Bankruptcy Act provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 U. S. C. A. § 35; 3 R. C. L. 336.

The last error assigned is that the court failed to make findings respecting the allegations of the reply referred to heretofore. While the court erred in not making findings on these issues, the error is harmless since any finding which the court could have made in response ▪ to the evidence would support the judgment. *Snyder* v. *Allen,* 51 Utah 291, 169 P. 945; In re Love's Estate, 75 Utah 342, 285 P. 299.

The bankruptcy law (section 14, subsec. (b) (5), as amended May 27, 1926), 11 U. S. C. A. § 32 (b) (5) p. 3, provides that the judge hearing the application for dis-

charge shall discharge the applicant unless he "(5) has been granted a discharge in bankruptcy within six years." There is no evidence in this record of a previous discharge of the defendant in bankruptcy. The mere fact that the prior proceeding did not end in a discharge does not prevent discharge of the bankrupt in a subsequent proceeding as to debts incurred subsequent to the first proceeding. 7 C. J. 369. A discharge in bankruptcy is conclusive on all parties until set aside or reversed in direct proceedings, and cannot be collaterally attacked. 7 C. J. 417; 11 U. S. C. A. § 32, p. 112 note. A creditor, however, may show his claim was not affected by the discharge. 7 C. J. 417. This the plaintiff attempted to do, but the court found against him.

The judgment of the district court of Weber county is affirmed, with costs to respondent.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.