MATTHEW CORBETT and FLORIDA INDUSTRIAL COMMISSION v. GENERAL ENGINEERING & MACHINERY COMPANY and GLENS FALLS INDEMNITY COMPANY.

37 So. (2nd) 161
October 12, 1948
Rehearing denied November 19, 1948

June Term, 1948
En Banc

*Morrice C. Uman* and *Walter E. Roundtree,* for appellants.
*Fowler, White, Gillen, Yancey & Humkey,* for appelles.

ADAMS, J.:

This appeal relates to limitation of claims in workmen's compensation cases and presents this question:

"The question involved is whether or not Chapter 23908, Acts of 1947, had the effect of extending the statute of limitations to two years as to claims not barred on July 1, 1947."

The injury occurred in August, 1946. The claim was filed in October, 1947. The legislature amended the law by enacting Chapter 23908, Acts of 1947, Section 440.19, Fla. Stat., 1941, F.S.A., which provides:

"The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, and the right to compensation for death shall be barred unless a claim therefor is filed within two years after the death, . . ."

The only change made by the amendment was to extend the period from one year to two years. The amendment is silent as to whether it will apply to claims then in existence; although it does in fact repeal the former act and all others in conflict. Since the one year statute was repealed there was no law to bar the claim other than the newly enacted two year's law.

The general rule of law is well stated in 34 Am. Jur., Sec. 29, page 35.

"Since limitation laws prescribing the time within which particular rights may be enforced relate to remedies only, it is well settled by the authorities that the legislature has the power to increase the period of time necessary to constitute limitation, and to make it applicable to existing causes of action, provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations, and provided further that no agreement of the parties is violated. A statute of limitations enlarging the time within

which an action may be brought as to pending cases is not retroactive legislation and does not impair any vested right."

One of the leading cases more elaborately states the rule. Davis & McMillan v. Industrial Accident Commission, 198 Calif. 631, 246 Pac. 1046, 46 A.L.R. 1095:

". . . It is clear from the decisions of the courts of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceedings after the passage of an amendment shortening the period . . . It is equally well settled that an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation, and does not impair any vested right. . . ."

Our holding in related cases has not been out of line with the above general rules. See Buck v. Triplett, 159 Fla. 772, 32 So. 2nd. 753 and authorities therein cited.

Therefore the judgment is reversed for further proceedings not inconsistent with this opinion.

Reversed.

TERRELL, CHAPMAN, SEBRING and BARNS, JJ., concur.

THOMAS, C. J., and HOBSON, J., dissent.