132 So.2d 553 (1960)
Alfred GARRIS, Petitioner,
v.
WELLER CONSTRUCTION COMPANY, Great American Indemnity Company, and Florida Industrial Commission, Respondents.
No. 30558.
Supreme Court of Florida.
October 26, 1960.
On Rehearing July 19, 1961.
Rehearing Denied September 18, 1961.
Kaplan & Ser, Miami, and Donald Feldman, Coral Gables, for petitioner.
Charles Desmond Crowley, Fort Lauderdale, for Weller Construction Co. and Great American Indemnity Co.
Paul E. Speh and Burnis T. Coleman, Tallahassee, for Florida Industrial Commission, respondents.
PER CURIAM.
Certiorari is denied in the above cause but not necessarily for the reasons stated in the order of the respondent commission.
THOMAS, C.J., and ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.

On Petition for Rehearing
THORNAL, Justice.
By petition for certiorari we have been requested to review an order of the Florida Industrial Commission which partially modified a compensation order of a deputy commissioner.
We originally denied certiorari, expressing the view that our denial was not necessarily based upon the reasons stated by the full commission for its order now under review.
By petition for rehearing it has been brought to our attention that possibilities of misunderstanding implicit in our order of denial could result in confusion and additional expense in the subsequent handling of this cause. Feeling that there was merit to this position we granted rehearing and upon further consideration we now have the view that writ should issue and the order of *554 the full commission should be quashed for the reasons we hereafter explain.
The petitioner Garris suffered a compensable industrial injury. He was awarded workmen's compensation benefits on the basis of 25% permanent partial disability of the body as a whole. Certain remedial medical treatment was also provided. The last compensation payment was made on October 12, 1954. The last remedial medical treatment was provided on May 7, 1958. We emphasize the importance of these two dates.
On February 28, 1955, the employee filed a claim for benefits for disabilities arising out of the injury and requested a hearing. On March 16, 1955, the employer's insurance carrier addressed a letter to the deputy commissioner by which he advised that he and the claimant's attorney had entered into negotiations regarding the claim and stated that "at the present time we feel that the hearing date should not be set until we notify you requesting same." (Emphasis added.) About July 7, 1958, approximately two months after the last provision of medical benefits, a new claim was filed requesting further compensation, medical benefits and a hearing on both the old and the new claim. On January 29, 1959, an additional claim for temporary total benefits for various periods was also filed. On April 20, 1959, the employer and carrier moved to dismiss the claim of February 1955, alleging that there had been a failure on the part of the claimant to prosecute it. At this hearing, which was the initial hearing, the employer and carrier did not move to dismiss the 1958 and 1959 claims with any contention that they were barred by the statute of limitations.
At a subsequent hearing, the deputy commissioner refused to dismiss the 1955 claim. He denied additional compensation for temporary total disability. He awarded compensation for 25% permanent partial disability of the body as a whole with credit for payments made and he ordered further remedial medical treatment. Review by the full Industrial Commission was sought by both parties. We do not find in the record that the employer claimed error regarding the failure of the deputy to hold the 1958 and 1959 claims barred by the statute of limitations. However, upon reviewing the matter the respondent commission modified the order of the deputy by holding "the 1958 and 1959 claims to be barred by the limitation period as provided by statute insofar as the claims for compensation are concerned and as modified, said order be and the same is hereby affirmed."
We understand the import of the full commission's order to be that the 1955 claim should have been dismissed for failure to prosecute as prescribed by Commission's Rules of Procedure Nos. 3 and 11. If this claim is eliminated then the filing of the claims in 1958 and 1959 would have been barred by the applicable statutes of limitation. This ruling applied to the claims for the payment of compensation. The full commission did not disturb the order of the deputy awarding additional remedial care, attorneys' fees and cost and denying the claim for additional benefits.
The principal point which we must now consider, and which we think perhaps we overlooked in our original denial of certiorari, is the effect of the amendments to the applicable statutes of limitation in relation to the various claims filed by the employee Garris. Our ultimate conclusion must turn on the correctness of the ruling of the full commission dismissing the 1955 claim. If that claim was alive when the deputy heard the matter in 1959, then the cases applicable to statutes of limitation would preclude the dismissal of the 1958 and 1959 claims as having been barred by statute. Coherence requires that we summarize a chronology of events.
The injury occurred November 23, 1951. Compensation payments were made until October 12, 1954. During this period the statute of limitations on the filing of claims was Chapter 26484, Laws of 1951, Section 10(1), which, in effect, provided that the period *555 of limitations for filing claims was two years from the time of injury or the date of the last payment of compensation benefits. Inasmuch as compensation benefits were paid until October 12, 1954, under the then existing statute, the last date for filing a claim would have been October 12, 1956.
In the meantime, on February 28, 1955, the employee filed a claim requesting benefits. The consideration of this claim was held in abeyance at the request of the carrier. However, so far as the statute of limitations was concerned, the claim was filed in time. It was, therefore, a validly filed claim pending when the limitations statute was amended by Chapter 29778, Laws of 1955, Section 4(1), which extended the time for filing claims to a period of three years from the date of injury or the date of last payment of compensation. The effect of this amendment simply was that since the last compensation was paid on October 12, 1954, the period for filing the claim was extended to October 12, 1957.
Subsequently, by another amendment effective July 1, 1957, and evidenced by Chapter 57-192, Laws of Florida, 1957, Section 1, and, obviously, during the time when the employee here was entitled to file his claim, the period of limitations was again extended authorizing the filing of the claim during the period of two years after the last payment of compensation benefits or after the last payment of medical benefits. The effect of this amendment obviously extended the time for the filing of the claim by the petitioner Garris for the reason that the latest statute became effective during a period when his claim could have been filed and in addition, during the time he was receiving remedial medical benefits. Inasmuch as he continued to receive these medical benefits until May 7, 1958, it becomes apparent that the effect of the 1957 statute, insofar as this particular claimant was concerned, was to extend the time for the filing of his claim to May 7, 1960, which was two years after he last received medical benefits.
All of the claims were filed prior to this time and in each instance the admendatory act extending the privilege under the applicable statute of limitations took effect before the expiration of any period previously allowed to the employee Garris in which to file his claim. This conclusion follows, provided we agree as did the deputy commissioner, that the February 1955 claim was alive and effective when the statute of limitations was amended and extended in 1955. The only thing that would preclude this result would be a conclusion that the deputy should have dismissed the 1955 claim for a failure to prosecute under Commission Rules 3 and 11.
Actually, in its order on review, the full commission did not direct that the 1955 claim be dismissed for failure to prosecute, although the deputy commissioner had held that it should not be dismissed. In its order under review, the full commission merely concluded that the claims for compensation filed in 1958 and in 1959, were barred by the statutes of limitations.
We think this case is somewhat unusual in that the postponement of consideration of the 1955 claim resulted from the request of the employer's insurance carriers. When the limitations statute was amended, effective July 1, 1955, extending the period to three years, the employee's claim filed February 28, 1955, was certainly current and subject to appropriate hearing. Thereafter in each instance as the statute was amended the limitations period was extended to the benefit of the employee. Each time the period was extended the right of the employee to assert the claim was then current by virtue of the applicable provision of existing statute. Although the situation here is perhaps unusual, and will seldom occur, the fact remains that at no time had the claim of this employee been barred by any statute before the amendment thereof which benefited him by extending the time allowed him.
The rule is well established that if an amending statute lengthens the period *556 for filing a claim allowed by an existing statute, prior to the expiration of the period allowed by such existing statute, then the amending statute will be applicable to a pending claim. If a claim has not been barred when an amending statute lengthens the time within which it must be asserted, then the claimant gets the benefit of the extended period. Walter Denson & Son v. Nelson, Fla. 1956, 88 So.2d 120; Corbett v. General Engineering and Machinery Co., 160 Fla. 879, 37 So.2d 161.
The application of the foregoing rule to the factual situation presented by the record in the instant case, results in the preservation of the currency of the petitioner's claim until May 7, 1960, two years after the last provision of medical benefits on May 7, 1958. Therefore, when he filed his claims in 1958 and 1959, the time for filing of them had not run against him. The respondent Commission committed error in holding to the contrary.
In his application for review by the full commission petitioner Garris contended that the deputy commissioner committed error by basing the disability rating on a loss of earning capacity presumed to be the same as the established percentage of functional disability. Petitioner points out that in Southern Bell Telephone and Telegraph Co. v. Bell, Fla. 1959, 116 So.2d 617, we held that in an unscheduled injury the percentage of disability based upon loss of earning capacity is not to be presumed to be the same as the percentage of functional disability. Petitioner's interpretation of Southern Bell Telephone and Telegraph Co. v. Bell, supra, is correct.
In his compensation order the deputy commissioner stated "it is presumed that the functional disability of 25% is the same as the claimant's disability based on a loss of earning capacity." It appears from this statement that the deputy relied upon the decision of the respondent commission in Marsiglia v. Eastern Air Lines, Inc., 1 Fla. Comp.Rep. 77, certiorari denied Fla., 85 So.2d 762. However, in Southern Bell Telephone and Telegraph Co. v. Bell, supra, we held that with reference to unscheduled injuries the percentage of loss of earning capacity is not to be presumed merely from the percentage of functional disability. It may be that on the basis of the instant record the deputy would conclude that after considering all of the elements prescribed by Ball v. Mann, Fla. 1954, 75 So.2d 758, the percentage of loss of earning capacity does not exceed the 25% which he concluded was the loss suffered by the petitioner. However, he must reach his conclusion on the basis of all of the applicable evidentiary elements, rather than on the basis of a presumption drawn from the percentage of functional disability alone.
Upon rehearing granted, therefore, the order of the full commission is quashed and the cause is remanded to the respondent commission for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.