BARNS, PAUL D., Associate Judge.
This is an interlocutory appeal from an' order denying defendant’s motion to amend an answer and denying his motion for a summary final decree. We fail to find error and affirm.
The appellant-defendant-Patterson was the defendant in a bastardy proceeding wherein the unmarried mother sought support for her child alleging the defendant to be its father; the defendant denied the allegations of the complaint and pleaded as a further defense that plaintiff’s claim did not accrue “within four years before the commencement of this action” basing this defense on F.S. section 95.11(9), F.S.A. The aforesaid section provides that “[a] bastardy proceeding may be instituted at any time until such illegitimate reaches four years of age”: and further providing that when the defendant shall have made payment of money to the plaintiff, for support of the child that “the limitation herein shall be deemed stayed for and during the period of time of such payments, and such action shall not be barred until four years after the date of the last payment.”
The complaint, (according to appellee’s brief) was filed March 12, 1963, and states that the child was bom January 17, 1959 which prior date is more than four years after the child’s birth. The complaint alleges nothing affirmatively to show a tolling of the running of the statutory limitations by way of payment during the four years, or by absence of the defendant from the State, as provided by F.S. section 95.07, F.S.A. The defendant’s motion for summary judgment is supported by an affidavit showing that he was not absent from the jurisdiction but there is nothing to show whether any payments in support of the child were or were not made.
Considering the foregoing recitations, the lower court did not err in denying appellant’s motion for a summary judgment. In passing on a motion for summary judgment it is no part of the court’s function to decide issues of fact but solely to determine whether there is a genuine issue of a material fact. . All doubts as to the existence of a material fact must be resolved against the party moving for a summary judgment or decree. A motion for summary judgment raises only a question of law and if there is any question or doubt of a material fact shown, the motion should not be granted. Meadows v. Edwards, Fla., 82 So.2d 733.
To entitle a movant to a summary final decree, he must affirmatively show the absence of a genuine issue of any-material fact and that he is entitled to a. summary decree in his favor under the applicable substantive law; the movant-appellant failed to meet this two-fold test..
 Another point raised by appellant-is that the lower court erred in denying the-appellant’s motion for leave to amend his-, answer setting up the defense of the three-year statute of limitations, as provided by F.S. section 95.11(5), F.S.A. instead of' F.S. section 95.11(9), F.S.A. above recited. Appellant’s position is that since the child was born before the enactment in 1959 of” section 95.11(9) supra, that it would not. apply. The effect of the 1959 enactment of chapter 59-188 by the Legislature (now F.S. section 95.11(9), F.S.A.) was to enlarge the time within which plaintiff’s action on her existing claim could be commenced. Since limitations of the right to* maintain an action relate to the remedy, it is well settled that the Legislature may increase the period of time necessary to constitute a limitation when the cause of action has not yet been barred under pre.-existing ■ law. Corbett v. General Engineering & Machinery Co., 160 Fla. 879, 37 So.2d 161. It is clear that the four year limitation* is applicable and not the three yearlimita— *791 lion, and that the lower court did not err in denying leave of defendant to amend his ■answer in this respect.
Affirmed.
SMITH, C. J., and SHANNON, J., concur.