HENDRY, Chief Judge.
The plaintiff appeals a summary final judgment entered for defendant, Thomas Trulis, in an action on Trulis’ alleged oral promise to pay for insurance premiums on policies covering properties held in the name of defendant, Hotel Dreyfuss Co., Inc.
The summary judgment was entered by the trial judge upon consideration of the complaint, exhibit attached, answer and affidavits. Plaintiff’s complaint alleges that defendant, Trulis, doing business as The New Fireside Lounge is indebted to plaintiff for premiums on insurance policies covering *184 properties of the defendants. Attached to the complaint is a copy of the plaintiff’s ledger sheet showing the account to have been changed from Hotel Dreyfuss Co., Inc., to “The New Fireside Lounge and Hotel Dreyfuss Co., Inc. * * * Thomas Trulis”.
Defendant, Trulis, denied the indebtedness and by way of affirmative defense alleged that:
(1) Defendant in his individual capacity is not and never has done business as The New Fireside Lounge.
(2) Defendant has never in his individual capacity purchased any business insurance from plaintiff.
(3) Defendant in his individual capacity has never received a bill for insurance from plaintiff and had no knowledge of any existing obligation as alleged in the complaint prior to receiving suit papers.
Defendant’s motion for summary judgment was supported by an affidavit which, in effect, restated the things alleged in his answer and further stated that he has never made a contract, oral or written, with plaintiff for the placement or purchase of insurance as alleged in the complaint.
Plaintiff’s affidavit in opposition to the motion set forth the following:
“That on or about November 7, 1963, THOMAS TRULIS, Defendant in the above-styled cause, was given notice that the Plaintiff was canceling the insurance on properties then and there insured by A. H. PATTEN & COMPANY because of the non-payment of premiums; that on or about said time THOMAS TRULIS contracted with the Plaintiff that if he would extend further credit, that said premiums would be charged to him individually and that he would pay the same and thereupon gave Plaintiff a check for Seven Hundred Fifty ($750.00) Dollars upon his personal account and thereafter made divers and numerous payments and authorized the Plaintiff to charge him personally for future premiums on said insured properties;
“That the Defendant represented to Plaintiff the said corporations or trade names used to hold the title to the properties was in fact his corporations and that he would assume all future payments for insurance;
“That the Defendant is now indebted to the Plaintiff in the amount sued upon, to-wit: Nine Hundred Twenty-Five ($925.-96) Dollars and 96/100, together with interest thereon and the costs in this cause.”
It is appellant’s contention that material issues of fact were raised, including whether § 725.01 applies, and that the defendant was not entitled to summary judgment as a matter of law. We agree and reverse. It is apparent from the conflicting averments in the pleadings and affidavits that there are material issues of fact to be tried.
To entitle a movant to summary final judgment he must affirmatively show the absence of a genuine issue of any material fact and that he is entitled to a summary judgment under the applicable substantive law. The movant failed to meet these requirements.[1]
Accordingly the judgment appealed is reversed for further proceedings.
Reversed.

. Patterson v. Sodders, Fla.App.1964, 167 So.2d 789.