PER CURIAM.
This is an appeal by Benjamin D. Alle-man from his conviction of leaving the scene of an accident involving personal injuries being in violation of § 317.071,[1] Fla.Stat., F.S.A. The trial judge who heard the cause without a jury imposed a sentence of one year in the county jail to be split[2] into ninety days jail time and then for appellant to be placed on probation and released into the custody of the Florida Parole and Probation Commission for a term of eighteen months, subject to the terms and conditions to be set forth by further order of the court.
It is appellant’s contention on appeal that the evidence did not show beyond and to the exclusion of every reasonable doubt that appellant was involved in an accident and that he wilfully failed to stop after an accident resulting in an injury.
*383 We have carefully considered the transcript of testimony and evidence adduced at trial and have concluded that there is substantial competent evidence to support the trial court’s finding of guilt. The weight to be given the evidence and the credibility to be accorded the witnesses’ testimony is a determination which is exclusively within the province of the trier of fact and will be affirmed when supported by competent substantial evidence. Wetherington v. State, Fla.App.1972, 263 So.2d 294; Loprince v. State, Fla.App.1969, 218 So.2d 212. Accordingly, the judgment and sentence appealed from is hereby affirmed.
Affirmed.

. The information erroneously charged appellant with violation of § 317.071, Fla. Stat., F.S.A., which had been renumbered as of January 1, 1972. The correct statutory citation is § 316.027, Fla.Stat., F.S.A., and is the same in substance as the replaced statute.

. Such a splitting of sentence is permissible under Fla.Stat., § 948.01(4), F.S.A.