364 So.2d 107 (1978)
MAZDA MOTORS OF AMERICA, INC., Appellant,
v.
S.C. HENDERSON & SONS, INC., and United States Fire Insurance Company, Inc., Appellees.
No. EE-356.
District Court of Appeal of Florida, First District.
November 17, 1978.
*108 Adam G. Adams, II, of Adams & Adams, Jacksonville, for appellant.
Carl K. Staas of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
MILLS, Judge.
Mazda Motors appeals from a final judgment dismissing its complaint on the ground that its cause of action was barred by the three-year statute of limitations which was in effect at the time its cause of action accrued.
Mazda Motors contends the dismissal of its complaint was error because prior to the expiration of the three-year statute of limitations, the legislature extended the period of limitation to four years, and its complaint was filed within this period of time. We agree and reverse.
A person has no vested right in the running of a statute of limitations unless it has completely run and barred his action. Before the action is barred by the statute of limitations, the legislature may amend the statute enlarging the period of time within which an action may be brought. This is not retroactive legislation and does not impair a vested right. Corbett, et al. v. General Engineering & Machinery Co., et al., 160 Fla. 879, 37 So.2d 161 (1948).
The argument of Henderson & Son and U.S. Fire Insurance Company that the dismissal of the complaint is supported by Foley v. Morris, 339 So.2d 215 (Fla. 1976), is without merit. Foley merely states that legislative intention to provide retroactive application of a shortened limitation period must be expressed in clear and explicit language and if there is reasonable doubt concerning the retroactive effect, the benefit of the doubt should be given to the party whose cause of action is dismissed.
The final judgment is reversed. This case is remanded for further appropriate action on the merits.
ERVIN, J., concurs.
BOYER, Acting C.J., dissents.
BOYER, Acting Chief Judge, dissenting.
I am unable to agree with the interpretation placed by the majority on Foley v. Morris, 339 So.2d 215 (Fla. 1976), the language of which appears to me to be controlling.
The facts are not in dispute. Appellant's cause of action accrued on August 16, 1973, the date of its loss. At that time the applicable statute of limitations was F.S. 95.11(5)(c), *109 Florida Statutes 1973. That statute required that actions for damage to personal property be commenced within three years. Appellant's complaint was filed on October 26, 1976, more than three years after its cause of action accrued. Upon appropriate proceedings, the learned trial judge ruled that the action was barred by the statute of limitations. Appellant contends that enactment by the legislature of Chapter 74-382, Laws of Florida (F.S. 95.11(3)(h) Florida Statutes 1975), which became effective January 1, 1975, the period of limitation on its claim was extended to four years and that therefore its complaint was timely. The issue, therefore, is whether the enactment of Chapter 74-382, Laws of Florida, brought forward into the official Florida statutes as Section 95.11(3)(h), Florida Statutes 1975, which became effective January 1, 1975, operated to extend the period of limitation for the filing of appellant's claim.
Appellant relies upon three cases involving workmen's compensation claims, an area of law which has traditionally received liberal consideration by the legislature and courts alike. (Corbett, et al. v. General Engineering & Machinery Co., et al., 160 Fla. 879, 37 So.2d 161 (1948); Walter Denson & Sons v. Nelson, 88 So.2d 120 (Fla. 1956) and Garris v. Weller Construction Company, 132 So.2d 553 (Fla. 1960)).
Appellee, on the other hand, relies upon a more recent case from the Supreme Court of Florida, Foley v. Morris, supra. No distinction is drawn in the Foley case between statutes which lengthen the period of limitation and those which shorten the period.
If the Supreme Court meant what it said in the Foley opinion, and we must presume that it did, then the language of that case is dispositive sub judice and requires affirmance. I would so hold.