368 So.2d 69 (1979)
Murray RUBIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1041.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Rehearing Denied March 23, 1979.
*70 Mark King Leban, Miami, Mechanic & Goldstein, North Miami, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto and Joel D. Rosenblatt, Asst. Attys. Gen., for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
Murray Rubin appeals his conviction (non-jury) on charges of conspiracy to commit a felony, to wit: grand larceny; and petit larceny. He was charged by information with grand larceny, conspiracy, and several counts of forging and uttering uniform air bills.
The first information, filed on June 1, 1977, alleged that the offenses occurred between November 30, 1975 and June 14, 1975. The State filed a second information in open court on November 3, 1977, without objection from defense counsel and with court approval. Later, the defendant moved to dismiss the information on the grounds that it had not been filed within the two-year Statute of Limitations and his motion was denied.
The charges alleged that Rubin, Vice President of Riverside Memorial Chapel, was operating a kickback scheme with a George Dawson who worked for a company that provided air trays and livery service for transporting bodies by plane. Dawson entered a nolo plea to similar charges and turned State's evidence. At trial, he testified that he made out false air bills with information given to him by Rubin, inflating the shipment costs. After Riverside paid the bill, Dawson claimed that he delivered the excess money to Rubin either in person or through a jointly held safe deposit box.
During trial, the court granted Rubin a judgment of acquittal on the forgery and uttering charges. The trial court found Rubin guilty of conspiracy to commit a felony, to wit: grand larceny; and petit larceny, sentencing him to one year probation, sixty days to be served in jail, and a $500.00 fine. He was sentenced to 60 days in jail on the petit larceny conviction, to run concurrently with the sentence on the conspiracy conviction. This appeal followed.
The appellant contends that the motion to dismiss should have been granted because the two-year Statute of Limitations, in effect at the time of the commission of the crime, was applicable and not the three-year statute at the time of the filing of the last information.
We disagree. Mathis v. State, 31 Fla. 291, 12 So. 681 (1893); Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956); Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 1 L.Ed. 648 (1798). Here the time was extended. Corbett v. General Engineering & Machinery Company, 160 Fla. 879, 37 So.2d 161 (1948); Walter Denson & Son v. Nelson, supra; Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. 1st DCA 1978). The rule may be different when the Statute of Limitations is shortened, but that is not the case before us. Foley v. Morris, 339 So.2d 215 (Fla. 1976). We have examined the count of the information alleging the conspiracy and do not find it vague under the test set forth by the Supreme Court of Florida in Goldberg v. State, 351 So.2d 332 (Fla. 1977). However, we think the trial judge was correct in refusing to entertain the motion, because it was untimely. This certainly was within his discretion. Counsel urges that a fundamental constitutional right cannot be waived; with this we do not agree. Jones v. State, 248 So.2d 517 (Fla. 3d DCA 1971); Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976); Ellison v. State, 349 So.2d 731 (Fla. 3d DCA 1977); Pegues v. State, 361 So.2d 433 (Fla. 1st DCA 1978).
The other point, going to the sufficiency of the evidence, we find to be without merit. Wetherington v. State, 263 So.2d 294 (Fla. 3d DCA 1972); Alleman v. State, 279 So.2d 382 (Fla. 3d DCA 1973); Abbott v. State, 334 So.2d 642 (Fla. 3d DCA 1976).
Therefore, for the reasons above stated, the adjudication of guilt and sentences thereon be and they are hereby affirmed.
Affirmed.