ON MOTION TO DISMISS APPEAL
PER CURIAM.
Appellees move to dismiss the appeal in this workmen’s compensation proceeding on the ground that the appeal is untimely, having been taken within 30 days after the order of the judge of industrial claims was entered, Chapter 79-312, Section 14, Laws of Florida,[1] but not within 20 days, Section *CXXX 440.25(4)(a), Florida Statutes (1978 Supp.).[2] The order was entered September 20, 1979, and the notice of appeal was filed October 18, 1979. The appeal was not untimely, for within the time for appeal under the old statute, legislation became effective to enlarge the time for appeal, so granting appellant 30 days from September 20, 1979. See Mazda Motors of America v. S. C. Henderson & Sons, 364 So.2d 107 (Fla. 1st DCA 1978). The motion to dismiss is
DENIED.
MILLS, C. J., and ROBERT L. SMITH, Jr., and SHIVERS, JJ., concur.

. Chapter 79-312 amended Section 440.25 to provide in new subsection (f):
Beginning on October 1, 1979 procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)-(e) shall apply only until September 30, 1979.

. Section 440.25(4)(a) provided before the 1979 amendment:
The compensation order rendered by the judge of industrial claims shall become final 20 days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a judge of industrial claims an application for a review thereof by the commission in accordance with the provisions of this subsection. .