378 So.2d 79 (1979)
Dee WETMORE, Individually and D/B/a West Side Answer Phone Service and Tampa Marine Radio Service, Appellants,
v.
Thomas J. BRENNAN, Appellee.
No. 79-753.
District Court of Appeal of Florida, Third District.
December 18, 1979.
Rehearing Denied January 18, 1980.
*80 Smith & Carbonell and Thomas A. Smith, Tampa, for appellants.
Ezzo, Garel & Saylor and Bruce A. Saylor, Miami, for appellee.
Before PEARSON, BARKDULL and NESBITT, JJ.
NESBITT, Judge.
This is an appeal from a final money judgment entered in favor of appellee after granting his motion for summary judgment.
Appellee commenced an action to collect a demand promissory note. Appellant filed a general denial and the affirmative defense that the claim was barred by the statute of limitations. The trial court granted the appellee's motion for summary judgment. A final money judgment was entered and this appeal ensued.
The sole issue on appeal is whether the action was commenced within the applicable period of limitations.
The demand promissory note in question was executed on September 11, 1968 under seal. Under the statute of limitations then applicable, an action "founded upon an instrument of writing under seal" was required to be commenced within twenty years.[1]
By the enactment of Chapter 74-382, Laws of Florida, the Legislature extensively revised Chapter 95, relating to limitations of actions. Section 7 of Chapter 74-382, Laws of Florida, codified as Section 95.11(2)(b), Florida Statutes (1975), in pertinent part, provides:
Actions other than for recovery of real property shall be commenced as follows:
.....
(2) WITHIN FIVE YEARS. 
.....
(b) A legal or equitable action on a contract, obligation or liability founded on a written instrument;
Section 3 of Chapter 74-382 codified as Section 95.031, Florida Statutes (1975) prescribed when a cause of action under a demand note accrued; to wit:
Except as provided in subsection 95.051(2) and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(1) A cause of action accrues when the last element constituting a cause of action occurs.
Section 36 of Chapter 74-382 codified as Section 95.022, Florida Statutes (1975) provided an effective date as well as a savings clause as follows:
This act shall become effective on January 1, 1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if not commenced by that date, the action shall be barred.
In Bauld v. J.A. Jones Construction Company, 357 So.2d 401 (Fla. 1978), the constitutionality of the revision of Chapter 95, as it related to the limitations of actions was upheld. In Bauld, it was contended that the revision curtailed the former period in which action could be initiated. The court held that: "[t]he one year savings period provided for is a reasonable time," for a claimant to learn of the change and commence his action.
On January 1, 1975, when the revision of Chapter 95 relating to limitations of actions took effect, the Uniform Commercial Code, Section 673.122(1)(b), Florida Statutes (1973) was already in effect. That section provided:
(1) A cause of action against a maker or an accepter accrues:
.....
(b) In the case of a demand instrument upon its date or, if no date is stated, on the date of issue. (emphasis added).
*81 Patently, Section 95.031(1), supra, and Section 673.122(1)(b) were in conflict. In that posture, the Commercial Code, which specifically set forth when a cause of action accrued on a demand note governed over the general provisions of Section 95.031(1). See Hughey v. Stevmier, Inc., 190 So.2d 410 (Fla.2d DCA 1966).
The 1975 Legislature adopted Section 1 of Chapter 75-234, Laws of Florida, which amended Section 95.031(1), Florida Statutes, Supplement 1974, by adding a second sentence thereto which provides:
For the purposes of this chapter, the last element constituting a cause of action on an obligation or liability founded on a written instrument payable on demand or after date with no specific maturity date specified in the instrument, and the last element constituting a cause of action against any endorser, guarantor, or other person secondarily liable on any such obligation or liability founded on a written instrument payable on demand or after date, is the first written demand for payment, notwithstanding that the endorser, guarantor, or other person secondarily liable has executed a separate writing evidencing such liability. (emphasis added).
The above amendment became effective June 27, 1975.[2]
The 1975 amendment to Section 95.031(1), Florida Statutes, Supplement 1974, is dispositive of the statute of limitations question posed by this appeal. It should be borne in mind that the amendment was adopted during the grace period for the enforcement of a claim that would have otherwise been barred. The revision of Chapter 95 was constitutional only because of the grace period. Bauld v. J.A. Jones Construction Company, supra. In Garris v. Weller Construction Company, 132 So.2d 553, 555-56 (Fla. 1960), Justice Thornal, speaking for the Supreme Court, disposed of an analogous statute of limitations problem as follows:
The rule is well established that if an amending statute lengthens the period for filing a claim allowed by an existing statute, prior to the expiration of the period allowed by such existing statute, then the amending statute will be applicable to a pending claim. If a claim has not been barred when an amending statute lengthens the time within which it must be asserted, then the claimant gets the benefit of the extended period. Walter Denson & Son v. Nelson, Fla. 1956, 88 So.2d 120; Corbett v. General Engineering and Machinery Co., 160 Fla. 879, 37 So.2d 161.
Under Section 95.031(1), Florida Statutes (1975), as amended and augmented by the 1975 Legislature,[3] the time for computing the accrual of a cause of action on certain demand notes was defined to be "the first written demand for payment." The appellee is entitled to the benefit of this change in the method of computing the accrual of his cause of action, since it occurred during the grace period. It is undisputed that his first demand for payment was made on July 19, 1975 so that, under the revised method of computing the accrual of his cause of action, he could, at any time through July 19, 1980, commence the action. The complaint, which was commenced on June 19, 1978, was well within that time.
For the foregoing reason, the judgment appealed from is affirmed.
NOTES
[1] § 95.11(1), Fla. Stat. (1973).
[2] Under Ch. 77-54, Laws of Fla., there were further amendments to § 673.22(1)(b) as well as § 95.031(1), Fla. Stat. (1975). However, those amendments are not material to the issue in this appeal and are not considered.
[3] § 1, Ch. 75-234, Laws of Fla.