394 So.2d 523 (1981)
Standford BIRNHOLZ, and Intervenors, Stephens, Magill & Thornton, P.A., and Timothy Carl Blake, Esq., Appellants,
v.
Sidney STEISEL and Ajax Packaging and Plastics, Inc., a Florida Corporation, and Sidney Steisel, As Executor of the Estate of William B. Steisel, Appellees.
Nos. 80-556, 80-557, 80-898.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Richard L. Polin, Fort Lauderdale, Jeanne Heyward, Peters, Pickle, Flynn, Niemoeller, Steiglitz & Downs, Ponzoli & Wassenberg, Alfred D. Bieley, Miami, for appellants.
Murray B. Weil, Jr., North Bay Village, and Ray Ellen Prystowsky, Miami Beach, for appellees.
Before HUBBART, C.J., and SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
On May 2, 1975, Standford Birnholz filed a ten-count complaint for the recovery of attorney's fees for services rendered to Sidney Steisel and others in ten separate legal matters. The trial court entered summary judgments for the defendants as to eight of the counts[1] on the ground that the applicable statute of limitations had expired,[2] and *524 these appeals ensued.[3] As to all but one of the counts now in issue, we affirm.
Count I involves a written agreement governed by a five-year limitations statute. § 95.11(2)(b), Fla. Stat. (1975).[4] The other counts are quantum meruit claims based on oral contracts which, as specifically held infra, are subject to the four-year period which became effective on January 1, 1975. § 95.11(3)(k), Fla. Stat. (Supp. 1974), replacing § 95.11(5)(e), Fla. Stat. (1971) (three-year statute). The appellants' primary argument for reversal is based on the contention that the limitations period for attorneys' services does not begin to run until written demand for payment, which was not made in this case until April 7, 1972, within both statutory periods. We reject this argument. As in the case of the general Florida rule concerning quantum meruit claims for services rendered, Matthews v. Matthews, 222 So.2d 282, 286 (Fla.2d DCA 1969),[5] the universally accepted doctrine as to attorney's fees is that the statute of limitations accrues when the particular services are completed. Atchison v. Hulse, 107 Cal. App. 640, 290 P. 916, 918 (1930); Annot., Limitations  Compensation of Attorney, 60 A.L.R.2d 1008 (1958). Even more specifically, the limitations period is not extended when a demand is made only after the services have already been rendered. On this issue, Shaad v. Hutchinson's Boat Works, Inc., 84 Misc.2d 631, 376 N.Y.S.2d 861 (Sup.Ct. 1975) is directly on point. See also, Hargrove, Guyton, Van Hook & Ramey v. Blanchard, 216 So.2d 127, 131 (La. App., 1968), writ refused, 217 So.2d 413 (La. 1969); Stark v. Hart, 22 Tex.Civ.App. 543, 55 S.W. 378 (1900). The authorities cited by the appellants are not on point.[6] More significant, the argument the defendants espouse would permit an attorney, at his option, to delay the running of the statute ad infinitum merely by neglecting to bill his client. It is thus unsatisfactorily contrary to the very purpose of the statute of limitations itself. Hence, we adopt the established rule to the contrary. Applying that doctrine to the case at bar, we conclude that the trial court correctly entered summary judgment as to counts 1, 4-8, and 10. The record, particularly read in the light of the allegations of the complaint itself, conclusively demonstrates that, as to those counts, the plaintiff's services came to an end beyond the applicable statutory periods. See, Landers v. Milton, 370 So.2d 368 (Fla. 1979).
As to count 3, we reach a different conclusion. There is evidence that those services were concluded on April 8, 1972,[7] less than four years before suit was filed. The appellees argue, however, that the three-year statute in effect at that time, Section 95.11(5)(e), Florida Statutes (1971), applies and that Section 95.11(3)(k), Florida Statutes (1975) effective January 1, 1975, is not retroactive. They cite Foley v. Morris, 339 So.2d 215 (Fla. 1976) for this proposition. We disagree. As the court pointed out in Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. *525 1st DCA 1978), cert. denied, 378 So.2d 348 (Fla. 1979), the holding in Foley was only that a statutory shortening of a limitations period will not be applied retroactively unless the legislative intention to do so clearly appears. The opposite is true when, as in this instance, the period is enlarged before the earlier statute has expired. Garris v. Weller Construction Co., 132 So.2d 553 (Fla. 1961); Walter Denson & Son v. Nelson, 88 So.2d 120 (Fla. 1956); Corbett v. General Engineering & Machinery Co., 160 Fla. 879, 37 So.2d 161 (1948); Talbot v. Talbot, 378 So.2d 1307 (Fla. 4th DCA 1980); Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc. supra; Patterson v. Sodders, 167 So.2d 789 (Fla. 2d DCA 1964); Martz v. Riskamm, 144 So.2d 83 (Fla. 1st DCA 1962). The claim involved in count 3 was not barred by the three-year limitations period when it was lengthened to four years on January 1, 1975. The summary judgment on that count is therefore reversed.
Affirmed in part, reversed in part.
NOTES
[1] Counts 2 and 9 remain pending in the trial court.
[2] In Steisel v. Birnholz, 313 So.2d 125 (Fla.3d DCA 1975), cert. denied, 330 So.2d 14 (Fla. 1976), we ordered an earlier, timely action dismissed for lack of prosecution. Thereafter, Birnholz's then-lawyers were sued in a malpractice action. They were consequently permitted to intervene as parties-plaintiff below and are co-appellants here.
[3] Since each of the counts was distinct and severable from the others and, indeed, would have individually supported an independent action, the summary judgments as to less than all of the counts are presently appealable under Mendez v. West Flagler Family Ass'n., Inc., 303 So.2d 1 (Fla. 1974).
[4] The prior statute, which also provided a five-year period, was § 95.11(3), Fla. Stat. (1971).
[5] The holding of the Matthews case that "in quantum meruit..., the cause of action accrued when the services have been performed," 222 So.2d at 286, controls the quantum meruit claims, counts 3-8 and 10.
[6] The only case which is even remotely pertinent, Harris v. Butler, 91 Utah 11, 63 P.2d 286 (1936), is completely distinguishable on the ground that the demand there was itself made at the conclusion of the services, when the statute would have otherwise begun to run anyway.
[7] Although this date must be accepted for summary judgment purposes, it was not established as a matter of law. The factual issue as to the date of completion must be resolved after remand.