KAHN, Judge.
Appellant Special Disability Trust Fund (the Fund) challenges a workers’ compensation order finding the employer/carrier (E/C) entitled to reimbursement from the Fund. The Fund asserts that E/C did not timely file their notice of claim for reimbursement based on § 440.49(2)(g), Florida Statutes (1985), which provides:
The right to reimbursement ... shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division ... prior to 60 days after the order awarding the excess permanent compensation with respect to which such reimbursement of claim becomes final or, if payment of such excess compensation is made by the employer or carrier without an award, prior to 60 days after the date the first payment of excess compensation for permanent disability is made.
The employee was injured on March 6, 1986 and first reached MMI on June 17, 1987. E/C’s first payment of excess compensation for permanent disability was in the form of wage loss on June 17, 1987. Notice of a claim for reimbursement from the fund was filed on July 20,1988. The Fund asserts that the statute is a non-claim statute, and therefore E/C’s late claim is barred.
The Judge of Compensation Claims (JCC) held that the claim was timely filed because Chapter 87-330, Laws of Florida, which took effect on July 10,1987, changed the period in which it was permissible for an employer to file a claim against the Special Disability Trust Fund.
We approve the JCC’s reasoning and therefore affirm. In Garris v. Weller Construction Co., 132 So.2d 553, 555 (Fla.1960), the supreme court disposed of an analogous filing limitation problem, stating:
The rule is well established that if an amending statute lengthens the period for filing a claim allowed by an existing statute, prior to the expiration of the period allowed by such existing statute, then the amending statute will be applicable to a pending claim. If a claim has not been barred when an amending statute lengthens the time within which it must be asserted, then the claim gets the benefit of the extended period. Walter Denson & Son v. Nelson, Fla.1956, 88 So.2d 120; Corbett v. General Engineering and Machinery Co., 160 Fla. 879, 37 So.2d 161 [Fla.1948].
See also Holder v. Keller Kitchen Cabinets, 610 So.2d 1264 (Fla.1992) (amendments that lengthen the limitation period for filing a claim apply to claims that are viable at the time of the amendment); Talbot v. Talbot, 378 So.2d 1307 (Fla. 4th DCA 1980) (same); Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. 1st DCA 1978) (same), cert. denied, 378 So.2d 348 (Fla.1979); Wetmore v. Brennan, 378 So.2d 79 (Fla. 3rd DCA 1980) (follows Garris), cert. denied, 388 So.2d 1119 (Fla.1980); see Birnholz v. Steisel, 394 So.2d 523 (Fla. 3d DCA 1981) (statute lengthening a limitation period before the earlier statute has expired applies retroactively).
Section 440.49(2)(g), Florida Statutes (1987), provides in part:
(g) Reimbursement of employer. — The right to reimbursement ... shall be barred unless written notice of claim of the right to such reimbursement is filed by the employer or carrier entitled to such reimbursement with the division at Tallahassee within 2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability, wage loss, or death, whichever is later.
The statutory formula now permits a notice of claim to be filed against the Fund within two years after the date the employee last reached MMI or within two years after the date of the first payment of compensation for wage loss. The E/C’s notice fell within *1080 that period. The first payment of wage loss benefits was made on June 17, 1987, and therefore under the old statute the last date for filing a claim for benefits against the Fund would have been August 16, 1987. This was after the July 10, 1987 effective date of the new statute. Since the claim was not barred on the date this new law became effective, the E/C receive the benefit of the extended filing period under the rationale of the above eases.
The language of the statute also supports the order. Section 440.49(2)(a), Florida Statutes, mandates that eligibility requirements be interpreted liberally.
AFFIRMED.
JOANOS and MINER, JJ., concur.