DAVIS, Judge.
David A. Rabón was injured in the course and scope of his employment in 1974, when a nail gun shot a nail into his head and severed his optic nerve. He has a prosthetic eye. He filed a claim in 1992 requesting benefits in connection with this injury. The Judge of Compensation Claims (JCC) held that the claim was barred because Rabón had not received medical care related to this injury in the two years preceding his 1992 claim. The JCC held that the two year statute of limitations in effect in 1974 applied to bar the claim, because the 1979 amendment to section 440.19(2)(b), Florida Statutes, abrogating the statute of limitations for those in need of remedial attention relating to the insertion or attachment of a prosthetic device, affected the substantive rights of these parties. The JCC failed to make any finding regarding the question whether Rabon’s claim had already been extinguished by the operation of the statute of limitations as of the effective date of the amendment, and accordingly, we reverse and remand for further findings.
The Legislature has the absolute right to extend the statute of limitations as applied to existing claims which have not already been time barred. See Wiley v. Roof, 641 So.2d 66, 68 (Fla.1994); Corbett v. General Engineering & Machinery Co., 160 Fla. 879, 37 So.2d 161, 162 (1948) (en banc). An amendment to the statute of limitations does not affect the substantive rights of the parties when the claim has not yet been extinguished by the operation of the limitations period. Id. In this case the JCC made no finding regarding the question whether *180 the claimant had received medical care within two years of the 1979 amendment, stating only that the current claim, filed in 1992, had been filed more than two years after any medical care had been received in connection with this injury. If the claimant had received medical care in the two year period predating the 1979 amendment, his claim would still have been viable at the time of the amendment, and the amendment would therefore operate to preclude the application of the two year limitations period to extinguish his claim. Accordingly, we REVERSE and REMAND for further findings on the question whether the claimant had received medical attention for this injury within two years preceding the effective date of the 1979 amendment.
ALLEN, J., and SMITH, Senior Judge, concur.