PER CURIAM.
The employer/earrier appeal a workers’ compensation order by which a claim for reimbursement from the Special Disability Trust Fund was denied as untimely. We conclude that the claim was timely filed in accordance with Special Disability Trust v. F. Benson & Co., 626 So.2d 1078 (Fla. 1st DCA 1993).
As established in F. Benson, the extended filing period in section 440.49(2)(g), Florida Statutes (1987), applies to the employer/carrier’s reimbursement claim insofar as the claim remained viable when this statutory enactment became effective. The shorter filing period in section 440.49(2)(g), Florida Statutes (1985), which was in effect on the. date of accident, thus does not pertain in this case except as it confirms the viability of the reimbursement claim when section 440.49(2)(g), Florida Statutes (1987), took effect. Because the employer/carrier’s claim was then viable, and was thereafter filed within the period allowed under the non-claim provision in section 440.49(2)(g), Florida Statutes (1987), it should have been deemed timely.
The ruling in F. Benson is not undermined by the later enactment of section 440.49(12), Florida Statutes (Supp.1994), which provides that the applicable law “for the purposes of determining entitlement to reimbursement” is the law in effect on the date of accident. This provision was enacted in connection with various statutory changes to the criteria for reimbursement. See ch. 93^415, § 43, Laws of Florida. We do not construe section 440.49(12), Florida Statutes (Supp.1994), as addressing the filing period within which such rights may be invoked. Indeed, such an application of section 440.49(12), Florida Statutes (Supp.1994), would be constitutionally impermissible in this case, as it would have the effect of extinguishing an existing claim. See In re Estate of Jelley, 360 So.2d 1313 (Fla. 2d DCA), cert. denied, 366 So.2d 881 (Fla.1978).
The appealed order is reversed, and the case is remanded.
BARFIELD, ALLEN and KAHN, JJ., concur.