PER CURIAM.
The Special Disability Trust Fund appeals an order of the Judge of Compensation Claims (hereinafter “JCC”) awarding reimbursement of all claimed excess compensation to Florida Crushed Stone Company and The Travelers (respectively employer and carrier, hereinafter “e/c”). We agree with the JCC’s decision that the statute in effect at the time the claim for reimbursement was filed with the Fund governs the issue of whether the claim was timely filed. We nevertheless must reverse and remand because the JCC failed to make any determination regarding whether a contract was formed under which the e/c settled or compromised their statutory right to reimbursement. Therefore, we affirm in part, reverse the award of reimbursement and remand to the JCC to make appropriate findings as to whether a contract for reimbursement was formed between the Fund and the e/c.
The JCC correctly determined that the claim was timely filed under section 440.49(2), Florida Statutes (1987). Contrary to the JCC’s determination, however, Special Disability Trust Fund v. F. Benson & Company, 626 So.2d 1078 (Fla. 1st DCA 1993), rather than Special Disability Trust Fund v. Executone of Central Florida, 670 So.2d 143 (Fla. 1st DCA 1996), is dispositive of this issue. While the JCC erred in her interpretation of those cases, she correctly found the claim to be timely under the amended (1987) statute.
The order before us for review does not address the Fund’s argument that a contract was formed by the Fund’s offer of a reduced reimbursement amount and the carrier’s acceptance in 1992. As the court explained in Associated Coca Cola v. Special Disability Trust Fund, 508 So.2d 1305, 1306 (Fla. 1st DCA 1987), the first step in the process of obtaining reimbursement from the Fund is the filing of a notice of claim. After the Fund makes the reimbursement entitlement offer, the e/c must take the second step of filing actual reimbursement requests. In the instant case, the e/c filed its first reimbursement request form on April 30, 1992. The Fund audited the form and reduced the reimbursement amount from $29,218.72 to $97.54, claiming that the benefits were untimely. The Fund returned the corrected form to the e/c for its review. The e/c, through one of the carrier’s adjusters, initialed the changed amounts on the form and cashed the check for the reduced reimbursement amount. Two other reimbursement request forms were subsequently submitted by the e/c and approved by the Fund. The Fund now asserts that this process created a compromise of the e/c’s claim for reimbursement, a contractual settlement between the e/c and the Fund. Because we conclude that this is a factual issue, we reverse for further findings. The JCC is instructed to review the evidence in the record and reach a determination whether a contract was formed between the parties. It is not necessary to take additional evidence to make this determination.
Accordingly, this case is AFFIRMED IN PART, REVERSED IN PART, and REMANDED in part for further consideration.
KAHN, DAVIS and BENTON, JJ., concur.