BARFIELD, J.
The employer/self insurer appeal a workers’ compensation order denying their claim for reimbursement under section 440.49(2), Florida Statutes (1983). We reverse.
The state, not the agency, is the employer for purposes of the workers’ compensation act. State, Dept. of Corrections v. Koch, 582 So.2d 5, 6 (Fla. 1st DCA), review denied, Dept. of Corrections v. Koch, 592 So.2d 679 (Fla.1991). Because the Judge of Compensation Claims found that the claimant’s former personnel officer at the Department of Correction knew of his multiple sclerosis as early as 1978, he erred in concluding that the appellants failed to establish the statutorily required employer knowledge of the preexisting permanent impairment.
Nothing in the language of section 9, chapter 87-330, Laws of Florida, amending section 440.49(2)(g), clearly manifests a legislative intent that the amended statute be retroactively applied, and the 1987 amendment did not lengthen the period for filing the notice of claim for reimbursement for permanent total disability benefits.[1] We therefore find that the applicable version of section 440.49(2)(g) is the one which was in effect on the date the claimant was injured at work. See Foley v. Morris, 339 So.2d 215 (Fla.1976); Special Disability Trust Fund, Dept. of Labor & Employment Security, State of Florida v. F. Benson & Company, 626 So.2d 1078 (Fla. 1st DCA 1993).
The order is REVERSED, and the case is REMANDED for further proceedings in light of this opinion, including a determination of whether the notice of claim was *1107 timely filed under section 440.49(2)(g), Florida Statutes (Supp.1983).
BOOTH and MINER, JJ., concur.

. The 1985 version of section 440.49(2)(g) in effect at the date of injury requires the claim be filed “prior to 60 days after the date the first payment of excess compensation for the permanent disability was made.” Section 440.49(2)(b)3. defines "excess permanent compensation” as "compensation for permanent impairment, wage-loss benefits, or permanent total disability or death benefits for which the employer or carrier is otherwise • entitled to reimbursement from the Special Disability Trust Fund.” Section 440.49(2)(c)3. provides that the employer is entitled to reimbursement "for all compensation for permanent total disability which is in excess of the first 175 weeks of permanent total disability compensation.” In 1987, section 9, chapter 87-330, Laws of Florida, amended section 440.49(2)(g) to require the claim be filed "within 2 years after the date the employee last reached maximum medical improvement, or within 2 years after the date of the first payment of compensation for permanent total disability, wage loss or death, whichever is later.”