854 So.2d 793 (2003)
Timothy McCLANAHAN, as Personal Representative of the Estate of Kenneth Albury, Gail Anderson, Deborah Griffin, Sidney Giloy, Steven Sundquist, and Arthur Jeffrey Thompson, Appellants,
v.
STATE of Florida, Department of Juvenile Justice, and Department of Management Services, Appellees.
No. 2D01-5769.
District Court of Appeal of Florida, Second District.
September 5, 2003.
*794 George L. Hayes, III and Carla L. Turner-Hahn of Hayes & Martohue, P.A., St. Petersburg, for Appellants.
Eric S. Zumvelt and Scot E. Samis of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Appellees.
NORTHCUTT, Judge.
Several current and former employees of the Florida Department of Juvenile Justice contended they were made ill by the unsafe and unhealthy air quality in the building where they worked, a juvenile detention center located in Clearwater. They sued DJJ, the Florida Department of Management Services, and others. In this appeal the employees challenge a summary judgment granted to DJJ and DMS founded on workers' compensation immunity. We affirm.
The employees' second amended complaint alleged that the building was constructed in the early 1990s. It was owned by DJJ and was designed and built under the supervision of DMS. The complaint alleged that both were negligent in overseeing the design and construction of the building such that after it was occupied it was contaminated by excessive levels of moisture, mildew, and mold. One count of the complaint sought damages stemming from respiratory injuries suffered by the employees, and another count sought to recover for the wrongful death of a deceased employee.[1]
The state defendants filed affirmative defenses and motions for summary judgment asserting they were immune from suit under the exclusivity provision of Florida's workers' compensation law, section 440.11(1), Florida Statutes (1997). The employees filed replies to the affirmative defenses in which they disputed the agencies' workers' compensation immunity on the ground that the agencies had knowingly allowed the building's unhealthy air quality to persist for several years and had thus engaged in conduct that was substantially certain to result in injury or death to the employees working in the building. As mentioned, the circuit court entered summary judgment for DJJ and DMS.
The employees challenge the judgment on three bases. For one, they maintain the court erred by granting judgment *795 to DMS because DMS did not employ them and therefore did not enjoy workers' compensation immunity. But section 440.02(14), Florida Statutes (1997), defines "employer" to include "the state and all political subdivisions thereof." In other words, for purposes of the workers' compensation law the state, not a particular agency, is deemed to be the employer. State v. Special Disability Trust Fund, 795 So.2d 1105 (Fla. 1st DCA 2001); Dep't of Corr. v. Koch, 582 So.2d 5 (Fla. 1st DCA 1991). If workers' compensation immunity defeated the employees' claims, it did so as to both DJJ and DMS.
The employees also maintain that the circuit court should have permitted them to amend their complaint to allege facts sufficient to defeat the agencies' workers' compensation immunity under the intentional tort exception as expounded in Turner v. PCR, Inc., 754 So.2d 683 (Fla.2000). It is true that the employees' complaint alleged only negligence on the parts of DJJ and DMS, which was insufficient to avoid workers' compensation immunity. They alleged the intentional tort exception only in their replies to the agencies' affirmative defenses. At the hearing on the motions for summary judgment, the circuit court expressed its concern about the state of the pleadings. The employees' counsel urged that the intentional tort exception was adequately raised in the manner described, but asked the court for leave to amend if it felt otherwise. The court went on to treat the matter as if the intentional tort exception had been properly pleaded. It granted the summary judgment, concluding that the evidence of record would not support a finding that the agencies had engaged in conduct that would defeat their workers' compensation immunity. Given that the employees contended that they did not need to amend their pleadings to assert the intentional tort exception, and given that the circuit court decided the case as if the issue had been properly raised, the employees suffered no harm from their failure to amend.
Finally, the employees dispute the circuit court's conclusion that the intentional tort exception did not apply to this case. In Turner, the Florida Supreme Court reaffirmed the existence of an intentional tort exception to workers' compensation immunity under which an employer may be held liable in tort if it has engaged in conduct that was intended to or substantially certain to result in an employee's injury or death. The court disavowed suggestions in earlier decisions that the "substantial certainty of injury" standard for avoiding workers' compensation immunity requires a showing that the employer's conduct created a "virtual certainty" of injury. See Turner, 754 So.2d at 687 n. 4; see also EAC USA, Inc. v. Kawa, 805 So.2d 1 (Fla. 2d DCA 2001).
The Turner court also held that when applying the "substantial certainty of injury" standard, the employer's conduct must be evaluated under an objective test, as opposed to a subjective one. In other words, the plaintiff need not show that the employer actually knew that its conduct was substantially certain to cause an injury. Rather, the employer may be held liable if it "should have known ... that the conduct complained of was `substantially certain to result in injury or death.'" Id. at 688-89. Therefore, "[u]nder an objective test for the substantial certainty standard, an analysis of the circumstances in a case would be required to determine whether a reasonable person would understand that the employer's conduct was `substantially certain' to result in injury or death to the employee." Turner, 754 So.2d at 688.
The Turner court observed that proving the intentional tort exception requires a showing that the employer engaged in conduct *796 that is at least worse than "gross negligence." Turner, 754 So.2d at 687 n. 4. In this case we have carefully reviewed the evidence of record. Considered in the light most favorable to the employees, with all conflicts resolved and inferences drawn in their favor, the evidence could prove that the agencies were made aware of problems with the air quality in the building, that they did little to remedy the situation other than to clean and replace air conditioning filters, and that they were less than candid with the employees about the extent of the problems or the risks they posed. Thus, the evidence might support a conclusion that the agencies negligently exposed the employees to increased risk. But, we agree with the circuit court that, under all the circumstances of this case as reflected in the summary judgment record, the agencies' acts or omissions were not substantially certain to result in injury or death. See Turner, 754 So.2d at 688.
Affirmed.
FULMER and CASANUEVA, JJ., concur.
NOTES
[1] One of the employees died in the course of the proceedings below, and the personal representative of his estate was substituted as a party.