DAYTONA BEACH BOAT WORKS, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Carrier. v. J. SPENCER, Employee, and FLORIDA INDUSTRIAL COMMISSION.

15 So. (2nd) 256·                                June Term, 1943
October 5, 1943                                    Division A
Rehearing Denied October 27, 1943

*Jennings & Watts* and *Edwin M. Clarke,* for appellants.

*Upchurch, Howatt & Dodd, Frank D. Upchurch* and *Willard Howatt,* for J. Spencer, and *Walter E. Rountree,* for Florida Industrial Commission, appellees.

TERRELL, J.:

J. Spencer was injured by a blow on the head April 19, 1940. He was treated for the injury immediately and at a hearing held April 21, 1941, before the Deputy Commissioner of the Florida Industrial Commission, he was awarded 26 weeks payment for temporary partial disability due to the head injury. Application was then made for compensation for injury to his eye caused by the blow on the head but the deputy commissioner reserved consideration of said application to a later date.

Appellants applied to the full Commission to review the order of the deputy commissioner but their application was later withdrawn. At a hearing held May 21, 1941, the deputy commissioner found that Spencer's vision about the right eye had become blurred since his injury and adjourned the hearing to take medical testimony on this point. This hearing was continued to September 2, 1941, at which time the deputy commisioner found that the injury to the eye was not compensable under the Workmen's Compensation Act. On appeal to the full Commission the latter order was on November 28, 1941, reversed with directions to the deputy commissioner to take such further testimony as may be offered by the parties and enter his order accordingly.

Spencer was treated at Temple University by Dr. Fay and on June 15, 1942, applied to the deputy commissioner for further hearing to modify the award. Appellants at this time, November 4, 1942, filed their petition suggesting lack of jurisdiction and authority to modify the award. On November 18, 1942, the deputy commissioner entered an order holding that the award of April 19, 1941, was a final determination of Spencer's right to compensation except as to claim resulting from eye injury, that the claim for additional compensation

made June 15, 1942, came too late, and that the evidence of disability from injury to the eye was insufficient to sustain an award. The application for modification made June 15, 1942, was therefore dismissed. The latter order was on appeal reversed by the full Commission, the evidence of Dr. Fay in the form of a deposition was received and the parties given ten days to produce any other evidence they desired. The order of the full Commission was on appeal affirmed by the circuit court. We are urged to review the latter order.

The question for determination is whether 'or not the Florida Industrial Commission may reopen and modify the award of April 21, 1941, for injury to the claimant's brain but as to compensation for injury to his eye, judgment was reserved for future determination.

The order of the Florida Industrial Commission dated January 22, 1943, took note of the contention that the head injury and the eye injury should be treated as two distinct suits or claims. It denied that contention and held that they should be treated as one claim because predicated on the one accident of April 19, 1940. It was further held that the Commission never lost jurisdiction of the cause for the reason that on the 28th day of November, 1941, it reversed the order of the deputy commissioner for the purpose of taking such other and further testimony as may be offered by the parties and to decree accordingly and that subsequent thereto nothing was done to divest it of jurisdiction.

In response to this holding, appellants say that it is immaterial whether both injuries are considered jointly or severally but that the award of April 21, 1941, was a final adjudication as to the head injury and that no appeal was taken therefrom or application made to modify it as required by Section 28 of the Workmen's Compensation Act.

Prior to July 1, 1941, Section 28 of the Florida Workmen's Compensation Act, provided for reopening and modifying an award "at any time within two years from the date of injury." (Chapter 17481, Acts of 1935) Chapter 20672, Acts of 1941, amended Section 28 to provide for reopening an award "at any time prior to one year after the date of the last payment of compensation."

The 1941 amendment merely diminished the time for making application to modify an award. It provided no new or different remedy and in no way affected the merits of the one in esse. In order to prevent confusion and effectuate the purpose of the Workmen's Compensation Act, we hold that all claims accruing under the 1935 Act should be made as therein provided and that application to modify may be made within two years from the date of injury. If the claim accrues after the effective date of the 1941 Act, then applications to modify should be made at any time prior to one year after the date of the last payment.

The order of April 21, 1941, awarded compensation for 26 weeks for the head injury but for reasons that are not material here, a lump sum was paid May 27, 1941, as recommended by the award. Appellee contends that he had one year from the expiration of the 26 weeks for the compensation to run before applying for modification but it is our view that since the award was paid May 27, 1941, in a lump sum as the judgment required, that the time ran from the payment thereof, and the application to review as to head injury came too late.

The award of April 21, 1941, was by its terms limited to the head injury and became final two years from the date of the injury, that is to say April 19, 1942. The application to modify dated June 15, 1942, was accordingly too late. The order of the full Commission dated November 28, 1941, reversing the deputy commissioner related only to the eye injury and in no way affected the injury to the head which it is suggested was abandoned.

It follows that the judgment of the full Commission as affirmed by the circuit court is reversed.

Reversed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.