88 So.2d 120 (1956)
WALTER DENSON & SON and Virginia Mutual Insurance Company, Petitioners,
v.
John D. NELSON and Florida Industrial Commission, Respondents.
Supreme Court of Florida, Division A.
May 30, 1956.
Marks, Gray, Yates & Conroy and Harry T. Gray, Francis P. Conroy and Lloyd C. Leemis, Jacksonville, for petitioners.
Nathan Bedell, Jacksonville, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
THORNAL, Justice.
Petitioners, who were the employer and insurance carrier in a workmen's compensation proceeding, seek review of an order of the Florida Industrial Commission affirming an award in favor of respondent Nelson, the employee.
The primary question for determination is whether Chapter 28241, Laws of Florida 1953, which amended Section 440.28, Florida Statutes, F.S.A., by extending from one to two years after date of last payment of compensation the period of time within which an award could be modified, is applicable to a claim pending at the time of the passage of the 1953 Act.
On July 25, 1952, pursuant to a stipulation, the Deputy Commissioner awarded to Nelson, the employee, compensation for an injury arising out of and in the course of his employment on the basis of a finding of permanent partial disability of 12 1/2 percent of the body as a whole. The award was paid in a lump sum on December 17, 1952. On July 1, 1953, Chapter 28241, Laws of Florida 1953, became effective. This Act *121 amended Section 440.28, Florida Statutes, F.S.A., by increasing the period during which an award might be modified from one year from the date of last payment of compensation to two years from the same date.
On October 6, 1954, the employee petitioned for modification of the award and after hearing, the Deputy Commissioner, on August 30, 1955, modified the award of July 25, 1952, by granting to the employee added compensation based on an additional 12 1/2 percent permanent partial disability of the body as a whole. At the hearing on application for modification, the employer objected to modification of the award on the ground that at the time the original claim was made the period for applying for modification was one year from the date of last payment of compensation. The objection was denied.
On appeal the full Commission agreed with the Deputy that the claim for modification was governed by the 1953 amendment and affirmed the award. It is this order that is subjected to review by petition for certiorari.
The petitioners claim that the 1953 amendment should operate only prospectively and should not control cases theretofore adjudicated. The respondent-employee contends that the date of last payment was December 17, 1952; that the one year allowed by the Act then in effect had not expired when Chapter 28241, Laws of Florida 1953, became effective on July 1, 1953; hence, he contends that the period for applying for modification was extended for an additional year and that the 1953 Act was applicable to his situation.
In holding that the Deputy and the full Commission ruled correctly we point out that the 1953 Act took effect before the expiration of the one-year period allowed under Section 440.28, Florida Statutes, F.S.A., before the amendment. The rule of this case would not be applicable if the one-year period had expired prior to the effective date of Chapter 28241, Laws of Florida 1953. Although not strictly a statute of limitation, we are of the view that the provisions relative to the period within which applications for modification of workmen's compensation awards may be made are certainly in the nature of statutes of limitation and are sufficiently analogous that rules applicable to the latter may appropriately be applied.
In an exceedingly helpful annotation to Davis & McMillan v. Industrial Accident Commission, 198 Cal. 631, 246 P. 1046, 46 A.L.R. 1095, we find on page 1101, the following statement of the general rule, to-wit:
"The several states have full power to alter or amend laws providing the mode and manner of dispensing justice in their respective judicial tribunals as they may consider best calculated to promote the ends of justice, provided that in so doing they do not impair the obligation of contracts; and ordinarily statutes of limitation do not have this effect, inasmuch as they act only on the remedy. Debtors and parties to contracts have no vested interests in particular limitation laws existing at any special time. It has appropriately been said that limitation statutes are not to be considered as elements entering into contracts, because the parties do not look forward to a breach of their bargains, but to the performance. 17 R.C.L. 680.
"As limitation laws prescribing the time within which particular rights may be enforced relate to remedies only, it is well settled by the authorities that the legislature has the power to increase the period of time necessary to constitute limitation, and to make it applicable to existing causes of action, provided such change is made before the cause of action is extinguished under the pre-existing statute of limitations." (Emphasis ours.)
Our examination of the authorities cited to support this rule leads us to the conclusion that it is thoroughly sound and one generally recognized by both the numerical *122 weight of authority and the better-reasoned decisions.
Similarly, in an exceedingly comprehensive annotation to Nelson v. Cambria Coal Co., 178 Tenn. 389, 158 S.W.2d 717, 160 S.W.2d 412, 165 A.L.R. 1, on page 506 of the annotation, we find summarized the decisions of the courts with reference to the effect of amending statutes on the lengthening of time available for review in workmen's compensation cases. Here, again, it appears to us that the better-reasoned rule is that if the period allowed by an existing statute has not run when the amending statute takes effect, then if the amending statute lengthens the period allowed, it will be applicable to a pending case. While a different rule probably would apply if the amending statute reduced the period theretofore allowed, we are not called upon to pass on this problem in the case before us.
Ordinarily statutes of limitation are construed as being applicable only to the remedy and not to the substantive right. Parties to a contract, in the absence of a specific provision in the contract, have no vested interest in particular limitation laws until the period prescribed by the statute of limitation has run. The Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law is effective before the cause of action is extinguished by the force of a pre-existing statute.
We are confronted with two allegedly conflicting decisions of this court. Petitioners rely for reversal on Daytona Beach Boat Works v. Spencer, 153 Fla. 540, 15 So.2d 256. Respondents contend that the order of the Deputy and the full Commission is sustained by Corbett v. General Engineering & Machinery Co., 160 Fla. 879, 37 So.2d 161.
The Daytona Beach Boat Works case did deal with a 1941 amendment to Section 440.28, Florida Statutes, F.S.A. Prior to 1941 the Act permitted a modification of an award "at any time within two years from the date of injury". In 1941 it was amended to permit a re-opening or modification of an award "at any time prior to one year after the date of the last payment of compensation." The court construed the amendment as diminishing the time for making application to modify and with this construction determined that the pre-existing Act would be applicable to the situation there presented. However, an examination of the facts reveals that the application to modify was actually barred by both the pre-existing Act as well as the amendment. Furthermore, in the Daytona Beach Boat Works case there was a lump sum award to cover compensation for a period of 26 weeks. The employee contended that the period allowed for modification would begin to run from the end of the 26 weeks rather than from the date of the lump sum payment. The point actually settled by the case was that the period would start on the date of actual payment. While we do not recede from the rule of Daytona Beach Boat Works v. Spencer, supra, we do hold that it was applicable to the particular factual situation there presented and that the rule of the decision, to-wit, the determination of the date on which the period for modification begins to run does not adversely affect our holding in the instant case. In fact we have followed it.
Although Corbett v. General Engineering & Machinery Co., supra, involved the section of the Workmen's Compensation Act, F.S.A. § 440.19, covering the period within which the initial presentation of a claim might be made, rather than the period for a request for modification, we think that the rule there announced is equally applicable to the case before us. There the period for filing of claim was extended from one to two years after the time of injury. The rules which we have above announced were applied and it was held that the extended period was available to claimants whose claims had not been barred by the one-year period theretofore existing when the amendment extending the time became effective.
We have carefully examined the other questions raised by the petitioners but inasmuch *123 as they have been answered by the rules of this decision above announced, we feel that no useful purpose would be served in discussing them in detail.
Finding no error in the ruling of the Deputy and the full Commission, the prayer of the petition for certiorari is therefore 
Denied.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.