PER CURIAM.
This is an appeal by certiorari from a judgment of the Florida Industrial Commission approving an order of deputy commissioner denying a petition filed with him under .§ 440.28, Florida Statutes, F.S.A. alleging that there had been a change in condition or a mistake in fact made as to petitioner in a compensation order dated January 20, 1959.
It is true that § 440.28, Florida Statutes, F.S.A., authorizes modification of compensation orders under § 440.28, Florida Statutes, F.S.A., provided application therefor is made within two years of the date of such order and other provisions of the statute are complied with. The evidence must show, however, that there has been a change in condition or mistake in determination of fact. Modification will not be granted where the evidence taken at the hearing on the petition for modification is merely cumulative or fails to show conclusively a change in condition or mistake in determination of fact. Hall v. Seaboard Maritime Corp., Fla.App. 1958, 104 So.2d 384.
We have examined the evidence taken in this case and we find ample competent evidence to support the deputy commissioner’s finding. We find no abuse of discretion on the part of the deputy commissioner in his refusal to appoint a physi *333 cian to make examination of the claimant as to cause of “blackouts” she is alleged to have been suffering recently. There was substantial evidence that the “blackouts” had no relation to claimant’s prior injury. She was represented by competent counsel who was advised of the hearing and could have had any relevant testimony before the deputy commissioner that he desired.
The writ of certiorari is accordingly denied.
THOMAS, C. J., and TERRELL, HOB-SON, THORNAL and O’CONNELL, JJ., concur.