SHIVERS, Judge.
In this workers’ compensation case, claimant appeals the deputy commissioner’s order finding claimant’s petition for modification barred by the Statute of Limitations. We reverse.
Claimant was injured in a compensable accident on July 7, 1978. The employer/carrier voluntarily paid claimant temporary total disability benefits until November 23, 1979. After discontinuance of these benefits, claimant filed a claim for benefits contending that he was entitled to continuing temporary total disability benefits from November of 1979 until he reached maximum medical improvement, or, if it was found that claimant had reached maximum medical improvement, that claimant was entitled to permanent partial disability benefits. Hearing was held on claimant’s alternate claims on June 9, 1980. By order dated and mailed April 1, 1981, the deputy commissioner found, inter alia, that claimant was entitled to temporary total disability benefits until November 23, 1979, that claimant reached maximum medical improvement on November 19, 1979, and, that claimant had no permanent physical impairment or permanent partial disability. Accordingly, the deputy decreed that claimant’s claim for permanent partial disability benefits be denied.
On March 17, 1983, claimant filed a petition for modification of the April 1, 1981 order. At hearing held on this matter, the employer/carrier argued that claimant’s petition for modification was barred by the Statute of Limitations since the order of April 1, 1981, did not reject claimant’s claim. The deputy commissioner agreed with the employer/carrier. Specifically, the deputy found that the order of April 1, 1981, did not reject claimant’s claim since claimant prevailed on several issues at the hearing held on June 9, 1980, and therefore, claimant did not have until two years after the April of 1981 order in which to file his petition for modification. We disagree with the deputy’s finding.
*1029 Section 440.28, Florida Statutes, provides in pertinent part that a petition for modification may be brought at any time prior to two years after the date copies of an order rejecting a claim are mailed to the respective parties. The deputy commissioner in this case apparently interpreted the phrase “rejecting a claim” as meaning the entirety of claimant’s position in requesting compensation, and therefore, if a claimant prevails on several issues at a hearing, specifically including the compensability of a claim, then a claimant’s claim is not rejected within the terminology of section 440.28. We do not interpret section 440.28 so narrowly. Rather, we find and hold that the April of 1981 order did reject claimant’s alternate claims for continuing temporary total disability benefits and permanent disability benefits within the meaning of section 440.28. See, e.g., Boden v. City of Hialeah, 132 So.2d 160 (Fla.1961); Forrest v. Smith, 9 FCR 271 (July 25, 1975), cert, denied, 336 So.2d 107 (Fla.1976). Accordingly, since claimant’s petition for modification sub judice was filed within two years of the date copies of the April of 1981 order were mailed to the respective parties, claimant’s petition for modification was timely. The deputy commissioner’s order therefore is reversed and upon remand the deputy is directed to conduct proceedings consistent with this opinion.
REVERSED and REMANDED with directions.
BOOTH and JOANOS, JJ., concur.