ERVIN, Judge.
Appellant appeals an order of the deputy commissioner (dc) denying appellant’s petition to modify an earlier worker’s compensation order. We affirm in part and reverse in part and remand with instructions.
Appellant was injured in two work-related accidents in 1977, and later entered into a stipulation with the employer/carrier (e/c), which was approved by a' Judge of Industrial Claims on November 8, 1978, designating the appellant as 12 percent permanently partially disabled. Claimant subsequently filed a petition for modification on June 27, 1979, claiming entitlement to further compensation due to a worsening condition, and requesting that further medical care be provided. In an order dated August 14, 1985, the dc denied the petition for modification, concluding that the claimant’s condition had not worsened and that the statute of limitations bars any claim for additional benefits. Appellant raises two issues on appeal: first, that denial of the petition to modify was contrary to the evidence, and second, that the deputy erred as a matter of law in accepting the statute of limitations as a bar to the payment of medical bills.
Regarding issue one, we conclude that there is competent, substantial evidence in the record to support the deputy’s finding that the condition of the appellant had not in fact worsened. We affirm that portion of the deputy’s order denying the petition for modification due to a worsening of claimant’s condition.
Regarding issue two, the deputy apparently agreed with the position of the e/c that because the petition for modification did not list specific medical bills as outstanding, the petition did not toll the two-year statute of limitations required by Section 440.28, Florida Statutes,[1] for modification of orders. In the instant case, the original order was dated November 8,1978, and the petition for modification was filed June 27, 1979, clearly within the two-year *50 limitation period. The petition alleged a change in circumstances and a mistake of fact — conditions which clearly meet the requirement for tolling the two-year period provided in Section 440.28. The petition for modification included as item three: “That further medical care should be provided to the claimant by the employer/carrier.” In addition, the petition sought “payment of outstanding medical bills....” (e.s.)
We reverse as to issue two, concluding that the petition for modification was a sufficient claim for both future and outstanding medical bills and tolled the two-year statute of limitations. Since the claim for medical expenses has not lapsed, the deputy should conduct such further proceedings as he finds necessary in order to determine the claimant’s entitlement to additional medical payments from the e/c.
AFFIRMED in part, REVERSED in part and REMANDED with instructions.
SHIVERS and ZEHMER, JJ., concur.

. Section 440.28, Fla.Stat. (1985), provides in pertinent part that "upon the application of any party in interest, on the ground of change in condition or because of a mistake in a determination of fact, the deputy commissioner may, at any time prior to 2 years after the date of the last payment of compensation pursuant to a compensation order, ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.”