PER CURIAM.
We review Shaw v. General Motors Corp., 503 So.2d 362, 363 (Fla. 3d DCA 1987), to answer two certified questions of great public importance. Art. V, § 3(b)(4), Fla. Const. The certified questions are as follows:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.-031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, WHETHER THE DECISION OF PULLUM v. CINCINNATI, INC., 476 S0.2D 657 (FLA.1985), APPEAL DISMISSED, 475 U.S. 1114, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 S0.2D 874 (FLA. 1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
We recently answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla.1987). We approve the decision below on the authority of Melendez.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.