## ASOSTA v FIRESTONE TIRE & RUBBER CO.
### Case Nos. 87-53150 and 87-37110
Eleventh Judicial Circuit, Dade County
August 14, 1990

## OPINION OF THE COURT

MARIA M. KORVICK, Circuit Judge.

This cause came before the court for hearing on July 24, 1990, on the motions for summary final judgment filed on behalf of the Defendants, Firestone Tire & Rubber Co. and The Kelsey-Hayes Co. The court reviewed said motions, as well as the supporting affidavits of Robert E. Lee and Douglas D. MacIntyre. The court further allowed argument of counsel of all parties involved and carefully reviewed and considered the relevant statutory provisions and the decisional authorities submitted and argued by the parties in support of their respective positions. On the basis of the matters considered, the court is of the opinion that the Defendants' motions for summary final judgment are well taken, and therefore, they are hereby granted.

During the course of the July 24th hearing, the parties stipulated and agreed that the following operative dates are the only ones material to disposition of the Defendants' motions: (1) that the latest date of delivery to the initial purchaser of the products which are the subject matter of the instant litigation was December 31, 1966; (2) that the effective date of Florida's products liability Statute of Repose, § 95.031(2), was January 1, 1975 [See, Laws of Florida, Ch. 74-382, §§ 3 and 36]; (3) that the twelve-year maximum period for exposure to liability provided for in said State of Repose elapsed with respect to the subject products on December 31, 1978; (4) that said Statute of Repose was subsequently repealed by the Florida Legislature, effective July 1, 1986 [See, Laws of Florida, Ch. 86-272, §§ 2 and 3]; (5) that the incident which gave rise to the subject litigation did not occur until August 18, 1987, some twenty-one years after the subject products were delivered to the initial purchaser and some seven and one-half years after the twelve-year statutory repose period had expired.

On the basis of this undisputed chronology, the court concludes that the twelve-year period for the bringing of causes of action based on the subject products had expired at a point in time when the products liability Statute of Repose [§ 95.031(2)] was still in force and effect and constitutional. *See, Pullum v Cincinatti, Inc.,* 476 So.2d 657 (Fla. 1985). *See also, Shaw v General Motors Corp.,* 503 So.2d 362, 363 (3d DCA 1987) (as a result of the *Pullum* decision, § 95.031(2) is validated as of its effective date), appv'd., 518 So.2d 900 (Fla. 1988). It is clear that a statute of repose terminates the right to bring an action after the lapse of a specified period of time; in this case, twelve years from the date of delivery of the completed products to the initial purchaser. The right to bring any action is foreclosed when the event giving rise to the cause of action does not transpire within this time interval. Such is the situation in the case before this court.

In a case frequently cited with approval by the Florida courts, *Lamb v Volkswagenwerk Aktiengesellschaft,* 631 F.Supp. 1144 (S.D. Fla. 1986), District Court Judge Stanley Marcus correctly explained that:

> *Simply stated, a statute of repose is triggered once the product is delivered to its first purchaser. If an injury results from the product after the authorized period has elapsed, the victim is without recourse to the manufacturer of the product.* A statute of repose ". . . does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action from ever arising." *Thus, under the Florida statute of repose, an injury caused by a product which has reached its original purchaser more than twelve years*

**215**

*prior forms no basis for recovery because the statute prevents the accrual of a right of action.* "The injured party literally has no cause of action. The harm that has been done is damnum abseque injuria— a wrong for which the law affords no redress." *The effect of the statute of repose may be to bar the cause of action before it has accrued (emphasis supplied) (citations omitted).*

*Lamb,* 631 F.Supp. at 1146. *See also Melendez v Dreis & Krump Mfg. Co.,* 515 So.2d 735, 736 (Fla. 1987) ("a statute of repose cuts off a right of action within a specified time limit after the delivery of a product . . . regardless of when the cause of action actually accrued."); *Hampton v A. Duda & Sons, Inc.,* 511 So.2d 1104, 1106 N.2 (Fla. 5th DCA 1987); (Orfinger J., specially concurring).

It is thus clear that had the incident which gave rise to the subject litigation occurred between December 31, 1978 (when the twelve-year period expired) and July 1, 1986 (the date when the products liability Statute of Repose was repealed), then Plaintiff would have had no cause of action from ever arising or accruing. The critical inquiry here thus reduces itself to what effect, if any, the 1986 repeal has with respect to the Plaintiff's ability to thereafter bring suit and the Defendants' previously granted statutory right not to be sued after expiration of the twelve-year repose period on December 31, 1978.

Neither this court's research nor that of the parties disclosed any Florida decisions directly on point on this narrow issue. Nevertheless, the court does find instructive several Florida decisions dealing with similar circumstances, albeit involving statutes of limitations and not statutes of repose, as here. For example, in *Walter Denson & Son v Nelson,* 88 So.2d 120 (Fla. 1956), the court was confronted with a situation where an amendment to a statute of limitations lengthened the period allowed under a prior statute for the bringing of suit. The Supreme Court stated the rule applicable in such circumstance as follows:

Here, again, it appears to us that the better-reasoned rule is that if the period allowed by an existing statute has not run when the amending statute takes effect, then if the amending statute lengthens the period allowed, it will be applicable to a pending case.

\* \* \*

*The Legislature has the power to increase a prescribed period of limitation and to make it applicable to existing causes of action provided the change in the law if effective before the cause of action is extinguished by the force of a pre-existing statute (emphasis supplied).*

216

*Nelson,* 88 So.2d at 122. *See also, Mazda Motors of America v S. C. Henderson & Sons,* 364 So.2d 107, 108 (Fla. 1st DCA 1978) )"a person has no vested right in the running of a statute of limitations unless it has completely run and barred his action."); *CBS, Inc. v Garrod,* 622 F.Supp. 532 (M.D. Fla. 1985), *aff'd,* 803 F.2d 1183 (11th Cir. 1986) (repeal of a statute does not divest one of the defense which arose under the former statute).

Based upon the undisputed fact that the twelve-year period expired in the instant case at a point in time when the products liability Statute of Repose [§ 95.031(2)] was still in force and effect and constitutional, it necessarily follows that Plaintiff's cause of action was extinguished before it ever even arose or accrued by virtue of the force of the pre-existing Statute of Repose. Applying the rule of the *Nelson* case, the subsequent repeal of the Statute of Repose could not affect or change Plaintiff's previously extinguished ability to sue the defendant manufacturers. Indeed, it appears that the Florida Legislature itself recognized this rule of law, since in the same legislative session that it repealed the Statute of Repose, it also enacted Section 11,2425, Florida Statutes (1987), which provides in pertinent that: "[t]he *repeal* of any statute by the adoption and enactment of Florida Statutes 1987 . . . *shall not affect any right accrued before such repeal . . ." (emphasis supplied).*

Moreover, even had the Florida Legislature intended to "revive" a manufacturer's potential liability notwithstanding the expiration of the twelve-year statutory period prior to the repeal of the Statute of Repose, then such an intent would run afoul of constitutional constraints. The North Carolina Court of Appeals dealt with this precise situation in *Colony Hill Condominium I Assoc. v Colony CO.,* 310 S.E.2d 273 (App. 1984), *pet. rev. den.* 315 S.E.2d 485 (N.C. 1985). Insofar as is relevant to the issue presently before this Court, the North Carolina appellate court opined that:

> Once the 1963 statute of repose barred the plaintiffs' suit, however, a subsequent statute could not revive it. A statute of repose, unlike an ordinary statute of limitations, defines substantive rights to bring an action. Filing within the time limit prescribed is a condition precedent to bringing the action. *Failure to file within that period gives the defendant a vested right not to be sued. Such a vested right cannot be impaired by the retroactive effect of a later statute* (emphasis supplied).

320 S.E.2d at 276, Cf.,*Walker & Laberge, Inc. v Halligan,* 344 So.2d 239 (Fla. 1977) (immunity from suit not retroactively withdrawn by subsequent legislation).

In sum, the court must grant the motions for summary judgment filed by the Defendants, Firestone Tire & Rubber Co. and The Kelsey-Hayes Co.: (a) since the twelve-year period for filing suit with respect to the products in question had expired at a point in time when the Statute of Repose was in force and effect and constitutional; (b) since on that date immunity from suit became a vested right of the Defendants; and (c) since such right could not constitutionally be affected or changed by the subsequent repeal of the Statute of Repose on July 1, 1986.

Therefore, it is

Ordered and adjudged that the motions for summary final judgment filed on behalf of the Defendants' Firestone Tire & Rubber Co. and The Kelsey-Hayes Co., be, and the same are hereby, granted.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 14th day of August, 1990.