PER CURIAM.
Claimant, Lorie Foster, appeals the Judge of Compensation Claims’ “Order on Petition for Modification Jurisdiction” and argues that the Judge of Compensation *76 Claims (“JCC”) erred in finding that he lacked jurisdiction to enter an order modifying his previous compensation order, notwithstanding the fact that claimant filed her petition for modification within two years of the date of her last compensation payment. We agree and, therefore, reverse and remand for a determination on the merits.
Section 440.28, Florida Statutes (1997), provides, in pertinent part, as follows:
Upon a judge of compensation claims’ own initiative, or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact, the judge of compensation claims may, at any time prior to 2 years after the date of the last payment of compensation pursuant to the compensation order the party seeks to modify, or at any time prior to 2 years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each, review a compensation case in accordance with the procedures prescribed in respect of claims in s. 440.25 and, in accordance with such section, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation or award compensation.
As the JCC noted, the limitations period for modification of orders as provided for in section 440.28 is jurisdictional and, thus, may not be waived. See Escambia County Transit v. Stallworth, 652 So.2d 905, 907 (Fla. 1st DCA 1995). We review the JCC’s construction of section 440.28 de novo. See Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000).
In dismissing claimant’s petition for modification and amended petition for modification, the JCC set forth, “A strict reading of the statutory language does not allow a Judge of Compensation Claims to enter an Order 2 years or later from the date of last compensation paid pursuant to the order or the date the compensation order was mailed to the parties, whichever is later.” The JCC noted that, although claimant filed her petition for modification within two years of the date of her last compensation payment, claimant made no effort to have an expedited hearing or to have the matter heard prior to the two-year time frame running.
This interpretation of section 440.28 would lead to an arbitrary and absurd result and would place an unnecessary and impracticable burden on a party seeking modification to ensure that a JCC review or enter an order on the petition within the two-year time period. Therefore, we hold that a JCC has jurisdiction to rule on a petition for modification if the petition is filed within two years after the date of the last payment of compensation pursuant to the compensation order the party seeks to modify or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at their last known address. See, e.g., Jones v. Ludman Corp., 190 So.2d 760, 761-62 (Fla.1966) (noting that it could not ignore the explicit provision in section 440.28 by which a determination becomes final unless “modified upon petition filed within the specified time after the last payment of compensation”); Horton v. M & M Luncheonteria, Inc., 123 So.2d 332, 332 (Fla.1960) (“It is true that § 440.28 ... authorizes modification of compensation orders under § 440.28 ... provided application therefore is made within two years of the date of such order and other provisions of the statute are complied with.”); Walter Denson & Son v. Nelson, 88 So.2d 120, 121 (Fla.1956) (holding that, although section 440.28 is not strictly a statute of limitations, the provisions rela *77 tive to the period within which applications for modification may be made “are certainly in the nature of statutes of limitation and are sufficiently analogous that rules applicable to the latter may appropriately be used”); Griffin v. Orlando Reg’l Med. Ctr., 578 So.2d 448, 449 (Fla. 1st DCA 1991) (holding that section 440.28 did not preclude the claimant from seeking modification because the claimant’s request was clearly made within two years following the receipt of payment of compensation under the original compensation order); Pitts v. Nimnicht Chevrolet, 569 So.2d 921, 925 (Fla. 1st DCA 1990) (reversing the JCC’s order and remanding with directions to treat the claimant’s letter as sufficient to toll section 440.28’s limitations period and to permit the filing of an amended petition for modification); Tarver v. E. Airlines, 502 So.2d 48, 49-50 (Fla. 1st DCA 1987) (holding that the claimant’s petition for modification, which “was filed June 27, 1979, clearly within the two-year limitation period,” tolled the two-year statute of limitations under section 440.28); Univ. of Fla. v. McLarthy, 483 So.2d 723, 726 (Fla. 1st DCA 1985) (“[I]f an order is entered on an initial claim, and another claim or petition to modify the order is not filed within two years ... after the last payment of compensation or furnishing of remedial treatment pursuant to order, the petition or claim will be barred.”); McKenney v. Sch. Bd. of Palm Beach County, 456 So.2d 524, 526 (Fla. 1st DCA 1984) (disagreeing with the deputy’s finding that the claimant failed to timely file a petition for modification and concluding that the claimant requested modification well within the two-year period mandated by section 440.28); Walker v. J.C. Penney Co., 448 So.2d 1028, 1029 (Fla. 1st DCA 1984) (holding that the claimant’s petition was timely because the claimant’s petition for modification was filed within two years of the date copies of the compensation order were mailed to the respective parties); see also Niedbalski v. R.C. Collins & Son, Inc., IRC Order 2-2507 (Mar. 6, 1974) (ruling that it was sufficient under section 440.28 if a petition for modification is filed within two years after the date of the last payment of compensation or at any time prior to two years after the date copies of an order rejecting a claim are mailed to the parties at the last known address of each). Accordingly, because the JCC has jurisdiction to rule on claimant’s petition for modification, we REVERSE the JCC’s order and REMAND for a determination on the merits.
WOLF, C.J., KAHN and LEWIS, JJ., concur.