PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that dismisses with prejudice her petition for permanent total disability benefits based on the expiration of the statute of limitations found in sections 440.19(1) and (2), Florida Statutes (2003). Because we find no merit in Claimant’s appeal, we affirm on a summary basis in accordance with Florida Rule of Appellate Procedure 9.315.
Upon this court’s receipt and screening of Claimant’s initial brief, we ordered the parties to refrain from further briefing because this case was being considered for summary affirmance under rule 9.315. See Steel Dynamics Inc.-New Millennium v. Markham, 46 So.3d 641, 643 (Fla. 1st DCA 2010) (explaining summary affir-mance is appropriate where appellant fails to raise preliminary basis for reversal). After fully analyzing both the record on appeal and Claimant’s arguments presented in her brief, we conclude that Claimant’s brief not only fails to present a preliminary basis for reversal, but is also so devoid of meritorious argument that it is necessary for Claimant and her counsel to show cause why sanctions should not be entered against them, individually or collectively, under the authority of sections 57.105(1) and (2), Florida Statutes (2012), and Florida Rule of Appellate Procedure 9.410(a).
In this appeal, Claimant does not challenge the JCC’s conclusion that her petition for permanent total disability benefits, filed in June 2011, was filed more than two years after her date of injury, and more than one year after the last provision of benefits pursuant to the notice of injury in her case. Nor does Claimant argue that her employer or its workers’ compensation carrier (collectively the E/C) is estopped from raising the statute of limitations defense. Thus, Claimant does not contest the JCC’s conclusion that the petition for permanent total disability benefits was untimely filed under sections 440.19(1) and (2).
Rather, on appeal Claimant argues, much as she did before the JCC, that because the JCC could have modified the November 2009 compensation order (which denied Claimant’s request for a change in treating physicians), there exists a material issue of fact that should have precluded the JCC from entering a summary final order on the E/C’s statute of limitations defense directed toward the June 2011 petition. This argument, when considered in the abstract and apart from any factual moorings, is not necessarily a frivolous one. But, when considered against the facts and procedural history of this case, this argument is, at best, wholly unavailing.
First, the November 2009 order, which Claimant alleges could have been modified, denied all medical benefits at issue in the subject hearing, and the order *502 was never modified.* Significantly, in her brief Claimant fails to point to an application, claim, or petition for modification that she filed so as to formally request modification of the November 2009 order under section 440.28, Florida Statutes — as would be required for her to obtain relief by way of modification. See § 440.28, Fla. Stat. (2011) (providing application for modification shall be handled “in accordance with the procedure prescribed in respect of claims in s. 440.25”); see also 440.25, Fla. Stat. (2011) (providing JCC’s duty to order mediation, hold hearing(s), and adjudicate claims, is predicated on filing of petition for benefits under section 440.192); Fla. Admin. Code R. 60Q-6.105(3) (providing that “for any claim within the jurisdiction of the OJCC but not subject to a petition for benefits,” claimant shall file pleading with clerk of OJCC setting forth such claim); Foster v. EG & G Fla., Inc., 879 So.2d 75, 76 (Fla. 1st DCA 2004) (holding “JCC has jurisdiction to rule on a petition for modification if the petition is filed” timely). Claimant also failed to refer to a claim or petition for modification at the hearing before the JCC, and the absence of such a claim was a feature of the argument made by counsel for the E/C. Thus, Claimant’s argument that the November 2009 order could have been modified is merely theoretical and has no meaningful applicability to the case before us. Similarly, Claimant’s arguments regarding when the period to file a modification would begin to run are only academic and fail to present even a colorable claim for relief — because Claimant fails to establish that such a petition or application for modification was actually made (much less in a timely fashion).
Second, assuming Claimant’s arguments made to the JCC in December 2011 (in response to the E/C’s motion for summary final order) constituted a duly filed application or petition for modification of the 2009 order, such a request would be untimely, because the November 2009 order denied and dismissed Claimant’s request for a change in physician, and awarded no benefits to Claimant. Section 440.28, provides that an application for modification is required to be filed within two years “after the date copies of an order rejecting a claim are mailed to the parties.” See § 440.28, Fla. Stat. (2003); see also Univ. of Fla. v. McLarthy, 483 So.2d 723, 726 (Fla. 1st DCA 1985) (explaining application for modification must be filed within two years after entry of order rejecting claim, or, if award is granted, within two years after last payment pursuant to order). Under section 440.28, even had a petition for modification been filed in December 2011, it would have been time-barred because it was filed more than two years after the entry of an order rejecting the claim upon which modification was sought. Accordingly, when every doubt is resolved in Claimant’s favor, she still fails to demonstrate a preliminary basis for reversal.
Third, even were we to assume that Claimant had timely filed a petition for modification of the 2009 order (a proposition offered for the sake of analysis only), Claimant’s argument that the 2009 order could be “modified” under the facts pre- *503 sented here is misguided, ill-defined, and woefully incomplete. Claimant argues that she should have been able to present evidence that Dr. Salahi, her authorized treating doctor, was not truthful when testifying in the 2009 hearing that he would be “willing to see” Claimant in the future, because proving as much might entitle Claimant to modification regarding the JCC’s denial of a change in physicians. This argument is unavailing given that in the 2009 merit order, the JCC did not base the denial of a transfer of care solely on the finding that Dr. Salahi was willing to see Claimant (although the doctor actually set up an appointment and examined Claimant after the entry of the 2009 merit order). Rather, the denial was also founded on the finding that Claimant had already exercised her statutory right to change physicians, and that she failed to demonstrate the medical necessity of any further medical treatment. Moreover, in the November 2009 merit order the JCC found that Dr. Salahi expressed that in his opinion there was nothing more that he could offer Claimant from a medical standpoint. Thus, even if Claimant proved that Dr. Salahi did not really wish to “see” Claimant when he in fact examined her, such a fact (in addition to being somewhat difficult to grasp) would have no bearing on whether Claimant is entitled to a change in authorized provider, or whether modification of the November 2009 order is appropriate.
Based on the foregoing, we conclude that Claimant’s arguments raised in this appeal are baseless and, by all appearances, frivolous. On the court’s own motion and through a separate order, we have required Claimant and her counsel to show cause why sanctions should not be entered against them, individually or collectively, under the authority of sections 57.105(1) and (2), and Florida Rule of Appellate Procedure 9.410(a).
For the foregoing reasons, we AFFIRM the order on appeal.
BENTON, C.J., THOMAS and ROWE, JJ., concur.

 We note that the November 2009 compensation order was not made part of the record on appeal. For this reason, this court entered a separate order requiring Claimant to show cause why this court should not take judicial notice of the November 2009 order under the authority of sections 90.202 and 90.204, Florida Statutes (2012). Claimant did not respond or otherwise show cause why this court should not take judicial notice of the November 2009 order of the JCC that denied a claim for a change in authorized medical providers; accordingly, we take judicial notice of this order.